ORIGINAL

DAVID S. STEUER, CA Bar No. 127059
dsteuer@wsgr.com
MICHAEL B. LEVIN, CA Bar No. 172329
mlevin@wsgr.com
MATTHEW R. REED, CA Bar No. 196305
mreed@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Petitioners
InterDigital Technology Corporation and
IPR Licensing, Inc.

Filed
APR 18 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

E-filing

| | |
|---|---|
| INTERDIGITAL TECHNOLOGY CORPORATION and IPR LICENSING, INC.,<br><br>Petitioners,<br><br>v.<br><br>PEGATRON CORPORATION,<br><br>Respondent. | Case No. CV 13 80087 MISC EJD PSG<br><br>INTERDIGITAL TECHNOLOGY CORPORATION AND IPR LICENSING, INC.'S NOTICE OF PETITION AND PETITION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT **[REDACTED VERSION]**<br><br>Date: TBD<br>Time: TBD<br>Judge: TBD |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on ____________, 2013, at ____ a.m. in Courtroom ___ of the United States District Court for the Northern District of California, Petitioners InterDigital Technology Corporation and IPR Licensing, Inc. (together, "InterDigital") will petition the Court, under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, for an order confirming a binding Final Award rendered pursuant to the rules of arbitration of the American Arbitration Association's International Centre for Dispute Resolution by a duly constituted arbitration tribunal on April 17, 2013 (the "Final Award") against Respondent Pegatron Corporation ("Pegatron"), and for entry of judgment thereon.

This petition is based upon this Notice; the accompanying Memorandum of Points and Authorities; the Declaration of Michael B. Levin; any matters of which the Court may take judicial notice; and such other evidence and argument as may be presented on this petition.

## RELIEF SOUGHT

InterDigital seeks an order from this Court (i) confirming the Final Award and (ii) entering judgment against Pegatron in accordance with the Final Award, including that Pegatron pay InterDigital a total amount of [REDACTED], plus applicable interest as set forth in the Final Award. In particular, the Final Award specifies that Pegatron shall pay InterDigital as follows:

[REDACTED]

## MEMORANDUM OF POINTS AND AUTHORITIES

InterDigital seeks confirmation of the Final Award, which was issued in InterDigital's favor by a duly constituted arbitral panel on April 17, 2013.

InterDigital is entitled to confirmation of the Final Award pursuant to Section 9 of the Federal Arbitration Act ("FAA"). Judicial review of an arbitration award is "both limited and highly deferential" to the arbitrator under Ninth Circuit law, and the statutory bases for overturning or modifying an award are strictly limited and do not apply here. *See* 9 U.S.C. §§ 9-11.

## I. BACKGROUND FACTS

In 2008, InterDigital and Pegatron entered into a Patent License Agreement ("PLA"), which granted Pegatron and its affiliates a worldwide license

In 2011, a dispute arose between InterDigital and Pegatron

The parties were unable to resolve the dispute informally, and on September 13, 2011, pursuant to the terms of the PLA, InterDigital submitted the dispute to binding arbitration in accordance with the American Arbitration Association's ICDR International Arbitration Rules. *See* Levin Decl. ¶ 2; *see also* Levin Decl. Ex. A (PLA) § 5.2.

[REDACTED]

The Panel rendered in writing its Final Award on April 17, 2013, which Final Award was delivered to the parties in accordance with ICDR procedures. *See* Levin Decl. Ex. B. (Final Award). [REDACTED]

[REDACTED]

---

[1] Judge Legge dissented and lodged a 6-page dissenting opinion, wherein he explains how he weighed the evidence differently from the majority. *See* Levin Decl. Ex. B at 89. Article 26.1 of the International Arbitration Rules provides: "When there is more than one arbitrator, any award, decision or ruling of the arbitral tribunal shall be made by a majority of the arbitrators."

## II. JURISDICTION AND VENUE

### A. Subject Matter Jurisdiction

This Court has diversity jurisdiction under 28 U.S.C. § 1332 because (i) petitioners InterDigital Technology Corporation and IPR Licensing, Inc. are domiciled in Delaware, and Pegatron has its principal place of business in Taiwan, and (ii) the amount in controversy exceeds $75,000, exclusive of costs and interest.[2] *See* 28 U.S.C. §§ 1332 (a)(2), (b).

### B. Personal Jurisdiction

This Court has personal jurisdiction over respondent Pegatron because Pegatron consented to personal jurisdiction in this District pursuant to Section 6.10 of the PLA, under which the parties consented to personal jurisdiction and venue of the state and federal courts in the San Jose Division of the United States District Court for the Northern District of California.

### C. Venue

Venue is proper in this District pursuant to section 6.10 of the PLA, under which the parties consented to personal jurisdiction and venue of the state and federal courts in the San Jose Division of the United States District Court for the Northern District of California. Section 5.2(f) of the PLA also provides that an award may be enforced in "any court of competent jurisdiction."

This action should be assigned to the San Jose Division pursuant to Section 6.10 of the PLA..

## III. ARGUMENT

### A. Legal Standard

Review of an arbitral award is governed by the Federal Arbitration Act, and absent a statutory basis to vacate or modify the award, the Court "must grant" a motion to confirm. *Kyocera Corp. v. Prudential-Bache Trade Serv., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003) (en banc); *Hall Street Assoc., LLC v. Mattel, Inc.*, 552 U.S. 576, 584 (2008) (holding that §§ 10 and 11

---

[2] When petitioner seeks confirmation of an arbitration award, without seeking a remand for further arbitration proceedings, the "amount in controversy" is the value of the arbitration award itself. *Hansen Beverage Co. v. DSD Distribs., Inc.*, No. 08-cv-0619, 2008 WL 5233180, at *5 (S.D. Cal. Dec. 12, 2008).

provide the FAA's exclusive grounds for expedited vacatur and modification). Judicial review of an arbitration award is "both limited and highly deferential." *Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc.*, 84 F.3d 1186, 1190 (9th Cir. 1996). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the [FAA], which is unambiguous in this regard." *Kyocera*, 341 F.3d at 994; *see also Eastern Associated Coal Corp. v. United Mine Workers of Am.*, 531 U.S. 57, 62 (2000) (noting that if an "'arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the fact that 'a court is convinced he committed serious error does not suffice to overturn his decision.'").

"An arbitrator's decision must be upheld unless it is completely irrational or it constitutes a manifest disregard of the law." *Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 735 (9th Cir. 2006) (citations omitted); *see also Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009); *Comedy Club, Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1290 (9th Cir. 2009). Federal courts of appeals have repeatedly held that "manifest disregard of the law" means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law. "It must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Bosack*, 586 F.3d at 1104 (citations omitted).

### B. The Final Award Must Be Confirmed Because There Are No Grounds To Vacate, Modify, Or Correct It

The Final Award should be confirmed. The FAA provides that "the court *must* grant such an order [confirming the award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." 9 U.S.C. § 9 (emphasis added).

There are only four narrow bases for vacating an arbitration award: (1) where an award was procured by fraud, corruption, or undue means; (2) where there was evident partiality or corruption on the part of one or more of the arbitrators; (3) where the arbitrators were guilty of misconduct in conducting the hearing or other misbehavior that prejudiced the rights of a party; or (4) "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10. There

can be no dispute that none of these bases are present here, and Pegatron has no colorable claim that any of the grounds for vacatur apply under these circumstances. The arbitrators carried out their duties in a fair and careful manner, and the Final Award reflects careful attention to the evidence and well-reasoned analysis based on the applicable law.

The grounds for modification or correction are similarly narrow. Section 11 of the FAA provides that an award may be modified or corrected where (1) there is "an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award"; (2) the award is made on "a matter not submitted to [the arbitrators]"; or (3) the award is "imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11. Pegatron cannot assert any credible allegation of material miscalculation or mistake, the Final Award reaching matters not before the arbitrators, or error in form.

[REDACTED] The Panel's decision is thorough and reasoned; there is absolutely no basis under the FAA to vacate or modify the Final Award. Accordingly, InterDigital respectfully requests that the Court confirm the Final Award and enter judgment thereon.

///

**IV. CONCLUSION**

For all of the foregoing reasons, InterDigital respectfully petitions the Court to:

a. Enter an Order confirming the Final Award against respondent Pegatron Corporation in the amount of [redacted], consisting of:

[redacted]

b. Enter judgment in conformity therewith;

c. Award InterDigital such other and further relief as this Court may deem just and appropriate.

Dated: April 18, 2013

WILSON SONSINI GOODRICH & ROSATI, P.C.

By: Michael B. Levin

Attorneys for Petitioners InterDigital Technology Corporation and IPR Licensing, Inc.